**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Allen V. Jacobson and<br>Mary K. Jacobson,<br><br>               Plaintiffs,<br><br>v.<br><br>Deutsche Bank National Trust Company,<br>as Trustee for Saxon Asset Securities<br>Trust 2007-3; Saxon Mortgage, Inc.;<br>and William H, Hutton, Washington County<br>Sheriff,<br><br>               Defendants. | Civil No. 12-771 (DWF/FLN)<br><br><br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

Bradley A. Kirscher, Esq., Kirscher Law Firm, PA, counsel for Plaintiffs.

Hilary J. Loynes, Esq., and Michael J. Steinlage, Esq., Larson King, LLP, counsel for Defendants Deutsche Bank National Trust Company and Saxon Mortgage, Inc.

Richard D. Hodsdon, Assistant Washington County Attorney, Washington County Attorney's Office, counsel for William H. Hutton.

**INTRODUCTION**

This matter is before the Court on a Motion to Dismiss (Doc. No. 6) brought by Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Saxon Mortgage, Inc ("Saxon") (together, the "Bank Defendants"). For the reasons set forth below, the Court grants the motion.

## BACKGROUND

On May 23, 2007, Plaintiffs executed a mortgage in favor of Saxon Mortgage, Inc., that secured a loan on residential property in Washington County, Minnesota (the "Property"). (Compl. ¶¶ 1,4; Loynes Decl. ¶ 2, Ex. 1.)[1] Saxon serviced the mortgage and the loan secured by the mortgage. (Compl. ¶ 5.) Plaintiffs experienced financial difficulties and had difficulty making their mortgage payments. (Compl. ¶ 9.) On January 10, 2011, the Property was sold at a Sheriff's Foreclosure Sale. (Compl. ¶ 16.) The Sheriff's Sale was recorded with the Office of the County Recorder on January 20, 2011; Deutsche Bank was the winning bidder. (Compl. ¶ 3.)

Plaintiffs allege that they were told that if ineligible for a loan modification under the Home Affordable Modification Program ("HAMP"), they would qualify under Saxon's private modification program. (Compl. ¶ 11.) Plaintiffs further allege that some time prior to the foreclosure, an employee of Saxon informed Plaintiffs by telephone that they were not eligible for a loan modification under HAMP, that a foreclosure sale had been scheduled, but that Saxon would cancel the foreclosure sale if Plaintiffs sent Saxon an application for a loan modification by January 14, 2011. (*Id*. ¶ 12.) Plaintiffs allege

---

[1] Plaintiffs argue that because Defendants filed an affidavit with an attached exhibit (a certified copy of the mortgage between Plaintiffs and Saxon) along with their moving papers, the motion must be treated as one for summary judgment, and that the Court should defer consideration of the motion until after discovery is permitted. The Court disagrees. The attached mortgage is clearly embraced and referenced by the pleadings and does not contradict any claims or statements made by Plaintiffs in the Complaint. Therefore, the Court may properly consider the document without converting the motion to dismiss into a motion for summary judgment. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

that they sent in the application prior to the deadline, but that the foreclosure sale was not cancelled, and that the sale occurred on January 10, 2011.  (*Id.* ¶¶ 14-16.)

Plaintiffs initiated this action on February 22, 2012 by filing a Summons and Complaint in Washington County District Court.  (Doc. No. 1.)  On March 27, 2012, Defendants removed the action to this Court.  (*Id.*)  In their Complaint, Plaintiffs seek declaratory and injunctive relief.  Specifically, Plaintiffs seek an order enjoining any action to divest Plaintiffs of possession of the Property pending a final judgment in this case; judgment declaring the foreclosure sale void; judgment declaring that Deutsche Bank did not obtain any interest in the Property via its bid at the foreclosure sale; judgment declaring that Plaintiffs' fee simple interest in the Property be reinstated; and an order enjoining any action to divest Plaintiffs of possession of the Property based on the foreclosure sale.  (Compl.)  Plaintiffs do not, however, assert any specific causes of action or indicate any particular theory of law under which they are entitled to relief.  Bank Defendants moved to dismiss the Complaint.  (Doc. No. 6.)  Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss clarifies that Plaintiffs are asserting the following causes of action:  (1) equitable estoppel; (2) promissory estoppel; and (3) misrepresentation.  (Doc. No. 17 at 2.)  The Court considers the Bank Defendants' motion below.

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts

in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp.*, 186 F.3d at 1079.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.     Promissory and Equitable Estoppel

Minnesota's Credit Agreement Statute bars the enforcement of "credit agreements" that are not in writing and signed by both the creditor and debtor. *See* Minn. Stat. § 513.33, subd. 2 ("A debtor may not maintain an action on a credit agreement

4

unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor."). *See also Grueling v. Wells Fargo Home Mortg., Inc.*, 690 N.W.2d 757, 761-62 (Minn. Ct. App. 2005) (explaining that "claims on agreements falling under section 513.33 fail as a matter of law if the agreement is not in writing"). The crux of Plaintiffs' argument is that they were promised that the sheriff's sale on the Property would be postponed if they mailed a modification application by a certain date.

A loan modification constitutes a credit agreement. *See, e.g.*, *Myrlie v. Countrywide Bank*, 775 F. Supp. 2d 1100, 1108-09 (D. Minn. 2011).[2] Therefore, to be enforceable, a loan modification must be in writing and signed by the creditor and the debtor. Here, Plaintiffs do not allege the existence of a written loan modification agreement that would satisfy the requirements of the Minnesota Credit Agreement Statute. Rather, Plaintiffs request that the Court set aside the sheriff's sale based on

---

[2] Minnesota Statute § 513.33, subd. 3, provides:

(a) The following actions do not give rise to a claim that a new credit agreement is created, unless the agreement satisfies the requirements of subdivision 2:

(1) the rendering of financial advice by a creditor to a debtor;

(2) the consultation by a creditor with a debtor; or

(3) *the agreement by a creditor to take certain actions, such as entering into a new credit agreement, forbearing from exercising remedies under prior credit agreements, or extending installments due under prior credit agreements*.

Minn. Stat. § 513.33, subd. 3 (emphasis added).

Saxon's alleged misrepresentations that the sheriff's sale would be postponed if Plaintiffs submitted a modification application. In essence, Plaintiffs are seeking to enforce an alleged oral promise to stay foreclosure. Such a promise is not enforceable under the Minnesota law, as the Minnesota Credit Agreement statute also reaches any "agreement by a creditor to take certain actions, such as . . . *forbearing from exercising remedies under prior credit agreements*." *See* Minn. Stat. § 513.33, subd. 3; *see also, e.g.*, Brisbin v. Aurora Loan Servs., LLC, Civ. No. 10-2130, 2011 WL 1641979, at *2-3 (D. Minn. May 2, 2011). There is no dispute that Plaintiffs' mortgage was a "credit agreement," and hence Saxon's alleged oral promise to forbear enforcing it fell within the statute's reach. As a result, the alleged oral promise can have had no impact on the sheriff's sale under the theory of promissory estoppel.

Even if the Minnesota Credit Agreement Statute did not bar Plaintiffs' promissory estoppel claim, it would fail to survive the present motion to dismiss. "Promissory estoppel is an equitable doctrine that implies a contract in law where none exists in fact." *Martens v. Minnesota Mining & Mfg. Co.*, 616 N.W.2d 732, 746 (Minn. 2000) (quotation and citations omitted). Promissory estoppel has three elements: (1) a clear and definite promise; (2) the promisor intended to induce reliance and such reliance occurred to the promisee's detriment; and (3) the promise must be enforced to prevent injustice. *Id*. There is no dispute that Plaintiffs were in default on their loan, and have not alleged any facts to suggest that enforcing the alleged oral promise to postpone the sheriff's sale is necessary to prevent injustice. *See, e.g., Ming'ate v. Bank of America, N.A.*, Civ. No. 11-1787, 2011 WL 4590431, at *5 (D. Minn. Sept. 30, 2010).

6

For the same reasons articulated above, the Court concludes that Plaintiffs' equitable estoppel claim fails. Plaintiffs allege that they were induced to rely on the representation that they would postpone the sheriff's sale to their detriment. Again, Plaintiff is seeking to enforce an alleged oral promise to stay foreclosure, which is barred by Minn. Stat. § 513.33. *See, e.g.*, *Sovis v. Bank of New York Mellon*, Civ. No. 11-2253, 2012 WL 733758, at *3 n.3 (D. Minn. March 6, 2012).

## III. Misrepresentation

Under Minnesota law, a person makes a negligent misrepresentation when:

> (1) in the course of his or her business, profession, or employment, or in a transaction in which he or she has a pecuniary interest, (2) the person supplies false information for the guidance of others in their business transactions, (3) another justifiably relies on the information, and (4) the person making the representation has failed to exercise reasonable care in obtaining or communicating the information.

*Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 369 (Minn. 2009). Also "[u]nder Minnesota law, any allegation of misrepresentation, whether labeled as a claim of fraudulent misrepresentation or negligent misrepresentation, is considered an allegation of fraud which must be pled with particularity." *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010). Accordingly, the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure are applicable to claims of both fraud and negligent misrepresentation.

Plaintiffs' claim for misrepresentation centers on the allegation that a Saxon representative told Plaintiffs that the sheriff's sale would be postponed if the Plaintiffs mailed an application for a loan modification. The Court concludes that Plaintiffs'

7

Complaint fails to sufficiently allege a claim for misrepresentation.  First, Plaintiffs have wholly failed to allege misrepresentation with the required particularity.  Plaintiffs do not allege who made the alleged misrepresentation, when the misrepresentation was made, or specifically what was said.  The bare and conclusory allegations do not suffice.  Second, Plaintiffs have failed to adequately allege that they justifiably relied on any misrepresentation to their detriment.  Plaintiffs claim that they "refrained from taking any further action to prevent or postpone the foreclosure sale in reliance" on Saxon's alleged representation; however, Plaintiffs were admittedly in default on their loan, had not entered into a loan modification deal, and have not articulated what steps they could have taken to prevent the sale of the Property.  Moreover, Plaintiffs have not alleged an intent or ability to reinstate the mortgage.  Plaintiffs' bare assertion that they reasonably relied on Saxon's statement is insufficient.  *See, e.g., Cox v. Mortgage Elec. Registration Sys., Inc.*, 794 F. Supp. 2d 1060, 1067 (D. Minn. 2011).  Finally, Plaintiffs have failed to sufficiently allege facts to show that Defendants' alleged failure to follow through on the promise to stay the foreclosure proceedings was the proximate cause of foreclosure or other damages to Plaintiffs.  Therefore, the Court concludes that Plaintiffs' misrepresentation claim fails.[3]

---

[3] Plaintiffs also name William H. Hutton, Washington County Sheriff, as a defendant.  Plaintiffs allege that he is named in his official capacity as head of the governmental body that conducted the foreclosure sale on the Property.  (Compl. ¶ 6.)  However, because all of Plaintiffs' claims fail, the action is also properly dismissed as it is asserted against William H. Hutton.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. [6]) is **GRANTED**.

2. Plaintiffs' Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 23, 2011            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge